```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**CYNTHIA RADER, on behalf of**
**B.R.R., a minor,**

        Petitioner,

                               CIVIL ACTION
   vs.                            No. 11-3149-SAC

**SEDGWICK COUNTY JUVENILE**
**RESIDENTIAL FACILITY, et al.,**

        Respondents.

## MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee.

The court has conducted an initial review of the petition and will direct petitioner to show cause why this matter should not be dismissed without prejudice.

Generally, a petitioner may not seek federal habeas corpus relief until all state court remedies have been exhausted. §2254(b)(1)(A). This requirement is based upon the principle that "[s]tates should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A claim for relief has been exhausted when it has been presented to the state courts, including the highest appellate court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)(state prisoner must pursue "one complete round of the State's established appellate review process" to satisfy exhaustion).

In this case, it does not appear that petitioner has exhausted available state court remedies. The petition reflects a sentencing date of December 21, 2011, and states that the sentencing depends upon the result in an appeal pending in another juvenile adjudication. (Doc. 1, p. 1.) Because it appears that state court remedies remain available to the petitioner, the court is considering the dismissal of this matter without prejudice, a dismissal that will allow the petitioner to present the claims for relief in a habeas corpus action filed after state remedies are exhausted.

Before entering this dismissal, the court will grant the petitioner an opportunity to show cause why this matter should not be dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including September 30, 2011, to show cause why this matter should not be dismissed without prejudice for the reasons set forth in this order. The failure to file a timely response may result in the dismissal of this matter without

prejudice and without additional prior notice to the petitioner.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 13th day of September, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge